IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-20774-RNS

LAURA GINN,

    Plaintiff,

vs.

FRLJ-MAZ LLC, d/b/a MAZDA OF
NORTH MIAMI, A Florida Limited Liability
Company,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT OR,
IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION**

Defendant, FRLJ-MAZ LLC, d/b/a MAZDA OF NORTH MIAMI ("Mazda"), by and through undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA"), moves for the entry of an order dismissing the Complaint filed by Plaintiff, Laura Ginn ("Plaintiff"), for lack of subject matter jurisdiction or, in the alternative, compelling Plaintiff to submit her claim to arbitration, and states:

    1.    On March 8, 2023, Mazda was served with the Complaint in this matter. The Complaint consists of a single count purportedly brought pursuant to the Federal Consumer Leasing Act, 15 U.S.C. §1667 ("CLA") in connection with the lease of a vehicle to Plaintiff.

    2.    In the Complaint, Plaintiff claims to have suffered a financial loss of $1,616.10 (together with sales tax on that amount) as a result of Mazda's alleged CLA violation. [Compl. ¶¶35-36, 39-40.]

    3.    Specifically, in May 2019, Plaintiff leased a new 2019 Mazda CX5 (the "Vehicle") from Mazda pursuant to a Closed End Motor Vehicle Lease Agreement ("Agreement"), a copy of which is attached to the Complaint as Exhibit "A."

4. Through the Agreement, under clearly marked section entitled *Arbitration Provision* (the "Arbitration Provision"), the Parties explicitly agreed that, pursuant to the Federal Arbitration Act, "**any claims** or disputes relating in any way to your lease account or transactions **will be resolved by binding arbitration** as discussed below, **and not through litigation in any court (except for matters in small claims court).**" [Compl., Ex. A (emphasis added).]

5. The Arbitration Provision further provided as follows:

> Claims are subject to arbitration, regardless of what theory they are based on or whether they seek legal or equitable remedies. Arbitration applies to any and all such claims or disputes whether they arose in the past, may currently exist, or may arise in the future. All such claims or disputes are referred to in this agreement as "Claims." However, claims relating to the scope, enforceability or validity of this agreement to arbitrate are for a court of competent jurisdiction to decide. **The only exception to arbitration of Claims is that both you and we have the right to pursue a Claim in a small claims court instead of arbitration, if the Claim is in that court's jurisdiction and proceeds on an individual basis.** Claims in arbitration will proceed on an individual basis, on behalf of the named parties only. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the Vehicle, to recover a deficiency balance, or for individual injunctive relief. Arbitration procedures are generally simpler than court rules and discovery can be more limited. Certain rights that you have in court may not be available in arbitration.

[*Id.* (emphasis added).]

6. Notwithstanding Plaintiff filed the instant Complaint asserting a claim against Mazda for alleged violations of the CLA arising from the parties' leasing transaction for the Vehicle, including representations made in the Agreement itself.

7. The language of the Arbitration Provision is clear and unambiguous and contemplates that Plaintiff's present claims (for alleged damages less than $2,000) be filed in small

claims court in Miami-Dade County or, in the alternative, submitted to binding arbitration under the FAA.

8.  Mazda now moves the Court to dismiss this action for lack of subject matter jurisdiction or, in the alternative, to compel Plaintiff to submit this dispute to arbitration.

## MEMORANDUM OF LAW

### A. STANDARD

A party may raise lack of subject matter jurisdiction as a defense to a pleading, and a court must dismiss an action upon determining that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). "Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citations and quotation marks omitted). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quotation marks omitted).

In addition, while, admittedly, an "agreement to arbitrate does not deprive a court of subject matter jurisdiction," courts often treat motions to compel arbitration as motions under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction. *See, e.g., Babcock v. Neutron Holdings, Inc.*, 454 F. Supp. 3d 1222, 1228 (S.D. Fla. 2020) ("A motion to compel arbitration is treated as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction."); *MRI Scan Ctr., LLC v. Nat'l Imaging Assocs., Inc.*, No. 13-60051-CIV, 2013 WL 1899689, at *2 (S.D. Fla. May 7, 2013) ("Moreover, courts generally treat motions to compel arbitration as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).").

While a stay may sometimes be appropriate, dismissal of the case is an available remedy when (as is the case here) all of the claims raised are arbitrable. *See, e.g., Olsher Metals Corp. v.*

*Olsher*, No. 01-3212-CIV, 2003 WL 25600635, at *9 (S.D. Fla. Mar. 26, 2003) ("A case in which arbitration has been compelled may be dismissed in the proper circumstances, such as when all the issues raised in ... court must be submitted to arbitration." (emphasis and quotation marks omitted)), aff'd, No. 03-12184, 2004 WL 5394012 (11th Cir. 2004).

For the reasons set forth below, the Plaintiff's single-count Complaint for damages within the jurisdiction of Florida's small claims courts should be dismissed for lack of jurisdiction. Plaintiff should be required to file the same in the appropriate court, as contemplated by the Agreement, or, in the alternative, Plaintiff should be compelled submit the claim to arbitration.

### B. THE PARTIES' HAVE STIPULATED TO THE JURSDICTION OF THE SMALL CLAIMS COURT; THERFORE, THIS ACTION MUST BE DISMISSED

As set forth above, the Agreement expressly prohibits the filing of this action in this Court. [Compl. Ex. A.] Rather, the Agreement states that a claim, proceeding on an individual basis and within the jurisdictional limit of that court, can proceed in small claims court instead of arbitration. [Compl, Ex. A.] Thus, the parties have stipulated to the jurisdiction of the small claims court as the <u>only</u> court with subject matter jurisdiction over claims or disputes related to the lease transaction. Accordingly, Plaintiff's claim in the Complaint can and should be proceeding in small claims court.

Plaintiff's claim is within the jurisdictional limit of Florida's small claims courts. Pursuant to Rule 7.010(b) of the Florida Small Claims Rules, the small claims courts have jurisdiction over all actions of a civil nature in the county courts which contain a demand for money or property, the value of which does not exceed $8,000 exclusive of costs, interest, and attorneys' fees.

In the Complaint, Plaintiff is seeking actual damages in the amount of $1,610.00 (plus sales tax on that amount). [Compl. ¶¶35-36, 39-40.]  Further, Plaintiff seeks statutory damages which are, as a matter of law, capped by the CLA at $2,000.00. *See* 15 U.S.C.A. §1640(a)(2)(A)(i) (2023).

Thus, on the face of the Complaint, Plaintiff has acknowledged that her claim is within the jurisdictional limits of the small claims courts.

In light of the foregoing, the Complaint should be dismissed and Plaintiff required to re-file (if at all) in the small claims court in and for Miami-Dade County, Florida. In addition to giving effect to the unequivocal written agreement of the parties, such a result would be in the interest of justice and would avoid any further waste of this Court's resources as well as those of the parties.

### C. ALTERNATIVELY, THE ARBITRATION PROVISION MUST BE ENFORCED

In the alternative, the Court should require the Plaintiff to comply with the Arbitration Provision in this action. Plaintiff and Mazda entered into the Agreement that contained within it an agreement to submit all claims related, in any way, to the parties' lease transaction to binding arbitration or, at the election of either party, to small claims court. The Arbitration Provision is valid agreement and enforceable under the FAA and should be enforced in this case.

The FAA creates a strong federal policy in favor of arbitration and establishes "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Further, the FAA was intended to enforce private agreements between parties and requires that the courts vigorously enforce agreements to arbitrate. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219-221 (1985). Moreover, the Supreme Court has declared that the FAA's provisions manifest a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (quoting *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24).

Here, the parties are subject to the Arbitration Provision which is enforceable under the FAA. In signing the Agreement, Plaintiff expressly agreed to submit any and all claims or disputes related, in any way, to the lease transaction <u>only</u> to arbitration or to small claims court. The Arbitration Provision was plainly stated on the back of the Agreement and even set apart in a

designated text box to ensure the same was not only visible but distinct from the remainder of the terms of the Agreement. Further, to avoid any doubt, on the first page of the Agreement – just above Plaintiff's signature – the Agreement contained the following disclosure:

> **LESSEE(S) NOTICES AND SIGNATURES**
> **BY SIGNING THIS LEASE, YOU ACKNOWLEDGE THAT THIS LEASE CONTAINS AN "ARBITRATION PROVISION" ON THE REVERSE SIDE, THAT YOU HAVE READ THE AGREEMENT TO ARBITRATE DISPUTES AND AGREE TO ITS TERMS.**
> Total Loss Early Termination Payoff Balance Notice: If there is a total loss, destruction or theft of the Vehicle, the early termination payoff balance (Adjusted Lease Balance) of the Vehicle as determined under Section 30 of this Lease may be different than the actual cash value of the Vehicle as determined by your insurer of the Vehicle. Section 31 provides that you will not be obligated to pay us this amount, unless, as of the date of such total loss, you do not have in effect a physical damage insurance policy as required by Section 28. By signing this Lease, you acknowledge that you have read this notice and understand its content.
> **NOTICE TO LESSEE(S):** BY SIGNING THIS LEASE BELOW YOU ACKNOWLEDGE THAT: (1) EACH LESSEE ACCEPTS AND IS SEPARATELY LIABLE UNDER THE TERMS AND CONDITIONS OF THIS LEASE; AND (2) YOU HAVE READ BOTH SIDES OF THIS LEASE, UNDERSTAND ALL OF ITS TERMS AND CONDITIONS AND RECEIVED A COMPLETELY FILLED IN COPY BEFORE SIGNING BELOW.
> Lessee(s) agree to all terms and conditions in this Lease.
> X _____ _____    X _____ _____
> Lessee Signs    Title (if a business)           Lessee Signs    Title (if a business)

Therefore, it is patently obvious that, at the time of signing, Plaintiff was on notice that any claim brought related to the lease transaction would be subject to mandatory arbitration or to resolution in small claims court only. With that knowledge, Plaintiff affirmatively signed the Agreement and took possession of the Vehicle pursuant to the terms of the Agreement.

Plaintiff filed the instant lawsuit in violation of the express terms of the parties' Arbitration Provision. Therefore, in the event the Court is not inclined to dismiss the Complaint for lack of jurisdiction, Plaintiff should be compelled to submit her claim to arbitration.

### D. CONCLUSION

To conserve the judicial resources of this Court, to enforce the parties' contractual arrangements, and to avoid potentially wasteful and unnecessary activity by the parties in this litigation, Mazda respectfully requests that the Court enter an order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction. In the alternative, to vindicate the principles underpinning the FAA, Plaintiff should be compelled to submit her claim to arbitration pursuant to the parties' Arbitration Provision in the Agreement.

WHEREFORE, Defendant, FRLJ-MAZ LLC, d/b/a MAZDA OF NORTH MIAMI, moves this Court for an order dismissing the Complaint for lack of subject matter jurisdiction or, in the

alternative, compelling Plaintiff, Laura Ginn, to submit her claim to binding arbitration, as requested herein, together with such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on April 18, 2023, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Joshua E. Feygin, Esq., Joshua Feygin, PLLC, 1800 E. Hallandale Bch. Blvd., #85293, Hallandale Beach, FL 33009; josh@jfeyginesq.com.

                                  Respectfully submitted,

                                  s/ *Ricardo A. Reyes*
Ricardo A. Reyes, FBN 864056
TOBIN, REYES, ALVAREZ & DEBIASE, PLLC
*Attorney for Defendant FRLJ-MAZ LLC*
225 N. E. Mizner Blvd., Suite 510
Boca Raton, FL 33432
Phone: (561) 620-0656
Fax:    (561) 620-0657
eservice@tobinreyes.com
rar@tobinreyes.com